IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA SHURN ) | |
| ) | |
| Plaintiff ) | |
| ) Case No. 4:17-cv-2737 | |
| v. ) | |
| ) | |
| 1st CHOICE HOME HEALTH SERVICES LLC ) | |
| ) | |
| LATONYA BAKER ) | |
| ) | |
| and ) | |
| ) | |
| MYRIAN BAKER ) | |
| ) | |
| Serve All At: ) | |
| 3837 A Vaile Ave. ) | |
| Florissant, MO 63034 ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Plaintiff Brenda Shurn ("Brenda"), and for her Petition states as follows:

**INTRODUCTION**

1. This is an action for egregious, intentional, and systematic violations of the Fair Labor Standards Act, 29 U.S.C. § 206 et seq. and also for violations of Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 et seq. ("MMWL"), Mo. Rev. Stat. § 290.110, and also for breach of contract.

2. Brenda demands a trial by jury on all issues so triable.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of all claims because Plaintiff's primary cause of action is for nonpayment of wages pursuant to 29 U.S.C. § 206 et seq. Accordingly, this Court has federal question jurisdiction of this FLSA matter pursuant to 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States."

4. This Court has supplemental jurisdiction with respect to Plaintiff's other claims for violation of Missouri's minimum wage laws and for breach of contract because these claims arise out of the same transaction and occurrence that give rise to Plaintiff's FLSA claims, namely Defendant's failure to pay Plaintiff her wages. As such, this Court may properly exercise supplemental jurisdiction over these related claims pursuant to 28 U.S.C. § 1367.

5. All relevant actions of Plaintiff and Defendants occurred within the Eastern District of Missouri in the Eastern Division because Plaintiff and all Defendants were residents of St. Louis County, Missouri and the home health care services that Plaintiff provided for Defendants were provided in the City of St. Louis, Missouri. Plaintiff suffered the harms described herein in this District. Venue is therefore proper in this District.

## PARTIES

6. Brenda is a natural person currently residing in the County of St. Louis, Missouri. At all times relevant, Brenda has resided in St. Louis County.

7. At all times relevant, Brenda provided home health care services for Defendants at a single location for a single client in the City of St. Louis, Missouri.

8. Defendant 1st Choice Home Health Services, LLC (1st Choice) is a Missouri LLC doing business in and located in St. Louis County, Missouri.

9. Defendants Latonya and Myrian Baker (collectively, the "Bakers") are the owners and/or operators and/or managers for 1st Choice.

10. The Bakers reside in St. Louis County, Missouri.

11. From approximately July 22, 2017 to approximately October 24 of 2017, Brenda worked for the Bakers and 1st Choice as a home health care aide. Brenda provided home health care to a single elderly client who was located in the City of St. Louis, Missouri.

12. Brenda provided her client with basic and menial services such as house cleaning and assistance with basic personal and household functions.

13. Brenda answered directly to the Bakers, who were the owners and managers and "bosses" of all 1st Choice employees.

14. Brenda did not manage any personnel, nor did she make any decisions about how 1st Choice was operated.

15. 1st Choice and the Bakers had day-to-day control over the location where Brenda worked.

16. 1st Choice and the Bakers jointly controlled all aspects of Brenda's job duties and description and her day to day tasks while Brenda worked for them.

17. 1st Choice and the Bakers had the power to hire or fire Brenda.

18. 1st Choice and the Bakers set Brenda's work schedule and rate of pay.

19. 1st Choice and the Bakers were jointly responsible for paying Brenda every two weeks.

20. 1st Choice and the Bakers jointly reviewed and controlled Brenda's employment records, including all records pertaining to Brenda's rate of pay, compensation, and hours worked.

21. At all times relevant, both 1st Choice and the Bakers were Brenda's employers within the meaning of Section 290.500(4).

22. At all times relevant, Brenda was the employee of 1st Choice and the Bakers within the meaning of Section 290.500(3).

23. At all times relevant, 1st Choice and the Bakers were Brenda's employer within the meaning of 29 U.S.C. § 203(d).

24. At all times relevant, Brenda was 1st Choice and the Bakers' employee within the meaning of 29 U.S.C. § 203(e).

## FACTS

25. At all times relevant, 1st Choice and the Bakers had an agreement with Brenda whereby Brenda would work as a full-time aide.

26. In exchange for Brenda's labor, Defendants agreed to compensate Brenda at a set hourly rate of $10.50 for morning, or "regular" hours and $8.25 for evening, or "respite" hours.

27. Brenda typically worked seven days each week.

28. In the mornings, Brenda worked about 3.5 hours at the rate of $10.50.

29. In the evenings, Brenda worked about 2.5 hours at the rate of $8.25.

30. 1st Choice and the Bakers agreed that Brenda would be paid every fourteen days.

31. 1st Choice and the Bakers orchestrated a variety of schemes to improperly withhold money from many paychecks they provided to Brenda.

32. In particular, 1st Choice and the Bakers refused, from approximately July 22, 2017 through August 17, 2017, to pay Brenda for any of her evening "respite" hours.

33. In addition, 1st Choice and the Bakers only allowed Brenda to fill out timesheets showing that she worked about 5.5 hours each day, not the 6-plus hours that Brenda was actually working.

34. As such, 1st Choice and the Bakers never paid Brenda for approximately .5 hours on each and every day that Brenda was employed.

35. Finally, 1st Choice and the Bakers refused to provide Brenda with her final paycheck.  From approximately September 11 through September 24, Brenda worked her regular hours.  1st Choice and the Bakers withheld Brenda's paycheck for no reason.

36. On September 25, 2017 Brenda sent 1st Choice and the Bakers a written demand for her final wages but has still never received her final paycheck.

37. As such, 1st Choice and the Bakers have failed to Brenda at all for the hours she worked in her final pay period.

38. Upon information and belief, 1st Choice and the Bakers owe Brenda thousands of dollars in unpaid wages, even before the application of any penalties.

## COUNT I - FLSA - ALL DEFENDANTS

39. Brenda incorporates, by reference, all prior paragraphs as if fully stated herein.

40. In violation of 29 U.S.C. § 206, 1st Choice and the Bakers failed to pay Brenda any wage whatsoever, much less the mandated minimum wage, for a substantial number of hours that Brenda worked in 2017 as set forth above.

41. Pursuant to 29 U.S.C. § 216(b), 1st Choice and the Bakers are liable to Brenda for the full amount of the wages that they failed to pay Brenda, in addition to an equal amount as liquidated damages.

42. 1st Choice and the Bakers are liable to pay Brenda's attorneys' fees and costs.

43. 1st Choice and the Bakers' failure to pay Brenda in accordance with the FLSA has damaged Brenda, such that Brenda has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of 1st Choice and the Bakers' actions set forth herein.

WHEREFORE, Brenda respectfully requests that this Court enter judgment in her favor and award her double the amount of unpaid regular wages, double the amount of any unpaid overtime wages, if any, the full amount of his consequential damages, and remit court costs, attorneys' fees, and all other and further relief that the Court deems just and proper.

### COUNT II - MMWL and 290.110 - ALL DEFENDANTS

44. Brenda incorporates by reference all prior paragraphs as if fully stated herein.

45. In violation of Missouri Statute 290.505(1), 1st Choice and the Bakers refused to pay Brenda whatsoever for a substantial number of hours worked in 2017 as set forth above.

46. In addition, 1st Choice and the Bakers violated Missouri Statute 290.522 by failing to keep a summary of sections 290.500 to 290.530 and copies of any applicable wage

regulations issued under those sections posted in a place that was conspicuous and accessible to Brenda.

47. Had 1st Choice and the Bakers posted the required information, Brenda would have been able to understand her rights pursuant to the MMWA and would have been able to stop the illicit wage underpayment practices at issue.

48. 1st Choice and the Bakers are liable to Brenda for the full amount of the regular time wages and overtime wages that they failed to pay Brenda, in addition to an equal amount as liquidated damages.

49. Brenda demanded in writing that 1st Choice and the Bakers provide her with her final paycheck, and 1st Choice knowingly and intentionally refused this request.

50. 1st Choice and the Bakers, in contravention of Missouri Statute 290.110, are liable to Brenda for her hourly wages for full-time hours for a period of 60 days after Brenda's termination because 1st Choice and the Bakers have refused, after Brenda's written demand, to furnish Brenda with her final paycheck.

51. 1st Choice and the Bakers are liable to pay Brenda's attorneys' fees and costs.

52. 1st Choice and the Bakers' failure to pay Brenda in accordance with the MMWL has damaged Brenda such that Brenda has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of 1st Choice and the Bakers' actions set forth herein.

WHEREFORE, Brenda respectfully requests that this Court enter judgment in her favor and award her double the amount of unpaid regular time and overtime wages, the full amount of

her consequential damages, her wages for 60 days after her termination, and remit court costs, attorneys' fees, and all other and further relief that the Court deems just and proper.

## COUNT III - BREACH OF CONTRACT- ALL DEFENDANTS

53. Brenda incorporates all prior paragraphs as if fully stated herein.

54. Brenda and 1st Choice and the Bakers entered into a contract, whereby 1st Choice and the Bakers were to pay Brenda a set hourly wage for her work as set forth above.

55. Over the relevant time period, Brenda performed all such work in accordance with the parties' contract.

56. 1st Choice and the Bakers breached the contract by refusing to pay Brenda for a substantial number of hours worked.

57. 1st Choice and the Bakers' breach of the parties' contract is without excuse or justification.

58. 1st Choice and the Bakers' breach of the parties' contract has caused Brenda to suffer damages as set forth herein.

59. Specifically, Brenda has lost money as a result of the wages that 1st Choice and the Bakers refused to pay.

60. Brenda has also suffered consequential damages as a result of the wages that 1st Choice and the Bakers refused to pay, including, but not limited to, being forced to hire an attorney to review her employment situation, exhausting her savings and being deprived of interest earnings, and other consequential losses.

WHEREFORE, Brenda respectfully requests that this Court enter judgment in Brenda's favor, award Brenda damages consisting of the unpaid regular wage differential amount, unpaid overtime wages, consequential damages, and that this Court award Brenda all other and further relief that the Court deems just and proper.

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.
_____
Richard A. Voytas, #52046
rick@rossvoytas.com
Nathan E. Ross, #51166
nate@rossvoytas.com
Ethan W. Gee, #70075
ethan@rossvoytas.com
12444 Powerscourt Drive Suite 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff Home